**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Laura Cheatham | ) | |
| | ) | |
|       Plaintiff, | ) | No. 16 C 3015 |
| | ) | |
|       v. | ) | Judge Virginia M. Kendall |
| | ) | |
| City of Chicago, et al | ) | |
| | ) | |
| | ) | |
|       Defendants. | ) | |

**ORDER**

Defendant's Motion to bifurcate Plaintiff's 42 U.S.C. § 1983 claim, stay discovery and trial of the claim, and enter Defendant's "Limited Consent to Entry of Judgment" [47] is granted.

**STATEMENT**

Plaintiff filed a complaint against two parties, Defendant Officer Yesenia Medina and Defendant City of Chicago asserting claims of assault and battery, excessive force, and malicious prosecution against Medina. (Dkt. 52 at 3.) Plaintiff also alleges that the City of Chicago has a policy of inadequate training, supervision, and discipline that condones excessive force. (*See id.*; Dkt. 47 at 2.) Defendant City of Chicago moves to bifurcate Plaintiff's *Monell* claim against the City and stay discovery and trial of the claim until judgment is entered against Medina. (Dkt. 47 at 15.) Further, Defendant asks the Court to enter its "Limited Consent to Entry of Judgment" ("Limited Consent"). (*Id.*)

Under Federal Rule of Civil Procedure 42(b), the Court has considerable discretion to decide claims or issues in separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b); *see Krocka v. City of Chicago*, 203 F.3d 507, 516 (7th Cir. 2000). Bifurcation may be appropriate if one or more of the Rule 42(b) criteria is met as long as bifurcation will not prejudice the non-moving party or violate the Seventh Amendment's guarantee for a jury trial in civil cases. *See Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007); *see also, e.g., Horton v. City of Chicago*, 2016 WL 316878, at *5 (N.D. Ill. 2016). Such motions are "now commonplace and '[c]ourts in our district have both granted and denied similar motions ...'" *Allison v. Gallagher*, No. 10 C 6887, 2012 WL 4760863, at *1 (N.D. Ill. Oct. 5, 2012) (citation omitted). Another district court noted that, "*Monell* claims are most often bifurcated in this district when a case is rooted in allegations of excessive force." *Horton*, 2016 WL 316878, at *2 (quoting *Carr v. City of N. Chicago*, 908 F. Supp. 2d 926, 934 (N.D. Ill. 2012)).

Here, Judicial economy favors bifurcation. Plaintiff's claim is based on a signle incident of alleged excessive force by Medina against Plaintiff. In discovery for her *Monell* claim, Plaintiff requested "all documents that show complaints of abuse of authority and/or excessive force made

1

against officers of City of Chicago for the five years preceding the events giving rise to this lawsuit." (Dkt. 47-2 ¶ 11.) Defendant notes that this would require documents related to more than 30,000 investigations between 2011 and 2016. (Dkt. 54 at 2-3.) Plaintiff also requests documents from all previous complaints or lawsuits that charged law enforcement with abuse of authority or excessive force over a five-year period. (Dkt. 47-1 ¶ 10.) With each complaint, Plaintiff requests the identity of each complainant and a factual assessment of each complaint. (*Id.*) Defendant states that for a two-year period this request requires review of nearly 600 complaints. (Dkt. 54 at 2.) The requirements for the full five-year period would be higher. Further, Plaintiff's *Monell* claim depends on finding Medina liable for violating Plaintiff's constitutional rights. Bypassing the *Monell*-related requests will produce a shorter discovery process and a quicker trial.

Bifurcation also will not prejudice Plaintiff or violate the Seventh Amendment. In Defendant's Limited Consent, Defendant consents to compensatory damages and reasonable attorneys' fees if Medina is found liable. (Dkt. 47-3 ¶ 4.) Defendant also consents to damages if Medina is not found liable due to qualified immunity. (*Id.* ¶ 5.) Plaintiff correctly states that *Monell* claims can provide non-monetary benefits, but the Limited Consent does not prevent Plaintiff from bringing the *Monell* claim to achieve those benefits if Medina is found liable. Further, compensatory damages can have the same deterrent effect that non-monetary benefits provide. *See Parker v. Banner*, 479 F.Supp.2d 827, 829 (N.D. Ill. 2007).

## CONCLUSION

For those reasons stated, Defendant's Motion to bifurcate Plaintiff's 42 U.S.C. § 1983 claim, stay discovery and trial of the claim, and enter Defendant's "Limited Consent to Entry of Judgment" [47] is granted.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: June 30, 2017

2